Roger Werholtz, Secretary KansAs Department of Corrections 900 SW Jackson Street Topeka, Kansas 66612
Dear Secretary Werholtz:
You inquire whether 2008 House Bill 2707 (HB 2707)[1] which changes the length of post incarceration supervision for inmates who have committed a crime after July 1, 1993 while imprisoned for a crime committed prior to July 1, 1993 violates the Ex Post Facto provision of the United States Constitution.[2]
The provision at issue appears in italics with strike-type signifying deletion of current language:
 "(e)(1) Any person who is convicted and sentenced for a crime committed while such person is incarcerated and serving a sentence for a felony in any place of incarceration shall serve the sentence consecutively to the term or terms under which the person was incarcerated.
 "(2) If a person is sentenced to prison for a crime committed on or after July 1, 1993, while the person was imprisoned for an offense committed prior to July 1, 1993, and the person is not eligible for the retroactive application of the sentencing guidelines act, the new sentence shall not be aggregated with the old sentence but shall begin when the person is paroled or reaches the conditional release date on the old sentence, whichever is earlier. If the offender was past the offender's conditional release date at the time the new offense was committed, the new sentence shall not be aggregated with the old sentence but shall begin when the person is ordered released by the Kansas parole board or reaches the maximum sentence date on the old sentence, whichever is earlier. The new sentence shall then be served as otherwise provided by law. The period of postrelease post incarceration supervision shall be based on the new sentence longest term of post incarceration supervision imposed for all crimes upon which sentence was imposed or until discharged from supervision by the Kansas parole board. The term of post incarceration supervision imposed by this paragraph shall apply retroactively to crimes committed prior to the effective date of this act.
 "(3) As used in this subsection, "post incarceration supervision" includes parole and post release supervision."
 [3]
The reason for the change was to correct an anomaly which appeared in 1993 when the sentencing guidelines were enacted.[4] This anomaly allowed an inmate with a life sentence or indeterminate sentence imposed for a crime committed prior to July 1, 1993 who committed a crime in prison after July 1, 1993 to serve a period of post release supervision based upon the post-1993 crime which, in almost every instance, will be shorter than the period of parole imposed for the pre-1993 crime.[5]
Thomas Stanton, President of the Kansas County District Attorneys Association, explained the problem to the judiciary committees of both the Senate and the House:
 "For example, John Doe has been convicted of first degree murder and is sentenced . . . to life in prison. After serving the mandatory twenty-five years in the system, he is eligible for parole subject to supervision for life. However, if Mr. Doe commits a felony while in prison, he completes the twenty-five year sentence and begins serving the sentence for the felony as mandated by the Kansas Sentencing Guidelines Act (KSGA). Under the current law, [Doe] would serve that [second] sentence and then be released on the term of post-release supervision commensurate with the sentence for the new crime. The post-release supervision would never be more than thirty-six months. Upon completion of the term of post-release supervision mandated by the KSGA for the new crime, Mr. Doe would then be released from supervision, with the prior term of parole supervision being null and void. In other words, a prisoner serving a life term can shorten his or her parole/post-release supervision term by committing a felony while in prison."[6]
A member of the Kansas Parole Board requested that the bill be expanded to apply to indeterminate sentences less than life sentences in order to remove the benefit attached to committing a crime while incarcerated.[7]
The Senate Judiciary Committee, acceding to the Parole Board's request, amended the bill to include "as many determinate and indeterminate offenders as possible."[8]
Regarding the issue of whether the bill would apply retroactively to inmates who met its requirements, a member of the committee believed that the bill was "inherently retroactive," but requested that the committee add a specific retroactivity provision for crimes committed prior to the effective date of the act.[9]
The ex post facto prohibition forbids a legislative enactment which imposes a punishment for an act which was not punishable at the time the act was committed or which imposes punishment additional to what was prescribed.[10] It is this latter provision that is at issue here.
In Weaver v. Graham,[11] the United States Supreme Court addressed the lack of notice when punishment is increased beyond the punishment prescribed for the original crime:
 "Critical to relief under the Ex Post Facto Clause is not the individual's right to less punishment, but the lack of fair notice and governmental restraint when the legislature increases punishment beyond what was prescribed when the crime was consummated. Thus, even if a statute merely alters penal provisions accorded by the grace of the legislature, it violates the Clause if it is both retrospective and more onerous than the law in effect on the date of the offense."[12]
HB 2707 provides that post incarceration supervision is based on the longest term imposed "for all crimes upon which sentence was imposed."[13] Clearly, HB 2707 applies retrospectively to those inmates who have committed a felony while incarcerated prior to the effective date of this amendment[14] while incarcerated for a crime committed prior to July 1, 1993.
While the Kansas appellate courts have not addressed whether an increase in the period of parole or post-release supervision constitutes an increase in "punishment" for ex post facto purposes, at least two jurisdictions have so determined because parole/post-release supervision is deemed to be part of a defendant's sentence.[15]
Under the KSGA, the sentencing court pronounces not only the prison sentence but also the period of post-release supervision at the sentencing hearing[16] so, arguably, the sentence includes the post incarceration supervision period. Accordingly, for purposes of this opinion, we will assume that application of a statute that increases the period of parole or post-release supervision constitutes, for ex post facto purposes, additional "punishment."
However, this assumption does not mean that HB 2707 violates the Ex Post Facto Clause because, in our opinion, changing the length of post incarceration supervision does not increase the "punishment" beyond what was prescribed when the first crime was committed.
An inmate sentenced on a pre-KSGA crime was on notice at the time of sentencing that, upon release from prison, the period of parole or conditional release would be for the maximum sentence term unless discharged by the Parole Board.[17] The fact that the law changed to the advantage of an inmate who committed a subsequent crime while incarcerated does not mean that the "punishment" for the first crime increased. HB 2707 does not impose additional punishment to that which was prescribed for the pre-KSGA crime. Thus, we see no violation of the Ex Post Facto Clause as applied to an inmate with a conviction for a post-KSGA crime committed while incarcerated for a pre-KSGA crime.
Sincerely,
 Stephen N. Six Attorney General
 Mary Feighny Deputy Attorney General
SNS:MF:jm
[1] Signed by the Governor on May 22, 2008. Effective July 1, 2008.
[2] U.S. Const., Art. 1, §§ 9, 10.
[3] K.S.A. 21-4608, as amended by 2008 H.B. 2707, § 3(e).
[4] L. 1993, Ch. 291, § 272(e)(2).
[5] Minutes, Senate Judiciary Committee, February 6, 2008. Hearing on 2008 S.B. 479. Attachment 1 and 2.
[6] Id. at Attachment 1. Minutes, House Judiciary Committee, March 17, 2008. Attachment 8.
[7] Minutes, Senate Judiciary Committee, February 6, 2008. Hearing on 2008 S.B. 479. Attachment 2. Minutes, House Judiciary Committee, March 17, 2008. Attachment 9.
[8] Minutes, Senate Judiciary Committee, February 11, 2008. Final action on 2008 S.B. 479.
[9] Id.
[10] Anderson v. Bruce, 274 Kan. 37, 42 (2002).
[11] 450 U.S. 24, 101 S.Ct. 960, 67 L.Ed.2d 17 (1981).
[12] 274 Kan. at 43, citing Weaver v. Graham. Emphasis added.
[13] K.S.A. 21-4608, as amended by 2008 H.B. 2707, § 3(e)(2). Emphasis added.
[14] July 1, 2008.
[15] Byrnes v. Board of Parole, 894 P.2d 1252 (Or. 1995); UnitedStates v. Paskow, 11 F.3d 873 (9th Cir. 1993).
[16] K.S.A. 21-4704(e)(2).
[17] K.S.A. 1992 Supp. 22-3718; 22-3722.